[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence August 29, 1997 Date of Application September 15, 1998 Date Application Filed September 18, 1998 Date of Decision January 5, 1999
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury, Docket Nos. CR-97-255939-S and CR-97-255949-D.
Jack Kelly, Esq., Counsel, for Petitioner.
Robin Lipsky, Esq., Assistant State's Attorney.
The petitioner, Richard Halapin, pled guilty and was sentenced on August 29, 1997 to an effective sentence of nine years in prison. The sentence was the result of his conviction for Robbery 2nd Degree (C.G.S. 53a-135(a)(2)), Larceny 3rd Degree (C.G.S. 53a-124) and two counts or Violation of Probation (C.G.S. 53a-32). The agreement entered into by the petitioner at the time of the plea called for a sentence of between seven and ten years. Subsequent to the remarks by counsel the petitioner was sentenced to nine years for the robbery, 5 years for the larceny and seven years that the petitioner owed on each of his violations of probation. These sentences all ran concurrently with one another for an effective sentence of nine years.
It should be noted that the present sentence for robbery is the third time the petitioner has been sentenced for this type of dangerous behavior. The sentencing judge was obviously motivate by his desire to protect society when he imposed the instant sentence.
The petitioner admits his guilt but seeks to avoid the harsh consequences of his actions by indicating he was influenced by drugs and alcohol at the time of these offenses and had sought help for his problems shortly before becoming involved in these criminal acts. Unfortunately for the petitioner the sentencing judge's responsibility was to take the appropriate measures to insure that an individual with a demonstrated history of an inability to control his substance abuse accompanied by a tendency to commit robberies while under the influence of alcohol or drugs could not continue his dangerous ways no matter what the cause and regardless of any mitigation.
The situation the petitioner currently finds himself in is a reflection of the potential for danger and harm to innocent people that he presents when he engages in substances abuse. When the danger is great, as it is here, the sentence must be appropriately severe.
The petitioner's sentence was neither inappropriate nor disproportionate when reviewed under the provisions of Practice CT Page 948 Book § 43-28.
O'Keefe, J.
Miano, J.
Klaczak, J.
O'Keefe, Miano and Klaczak, J.s, participated in this decision.